IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLE INC., ) <br> ) <br> Defendant. ) <br> ) <br> APPLE INC., ) <br> ) <br> Counterclaim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOKIA CORPORATION and NOKIA INC., ) <br> ) <br> Counterclaim Defendants. ) | C.A. No. 09-791 (GMS) |

## SCHEDULING ORDER [PATENT]

This ___ day of _____ 2010, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on April 9, 2010, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before April 26, 2010.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before August 30, 2010, except that a party may amend a pleading to add or amend a claim or counterclaim that would not

substantially expand the scope of discovery and that would be compulsory if it were a counterclaim up to 14 days after a ruling on a motion to dismiss, or a party may properly amend its pleadings in response to an amended pleading.  In addition, either party amend its pleadings to add inequitable conduct claims without undue delay upon newly discovered evidence by filing such amendments on or before April 15, 2011.

        3.    **Reliance Upon Advice of Counsel.**  Each party shall inform the other whether it intends to rely upon advice of counsel as a defense to willful infringement no later than May 15, 2011.  If a party elects to rely on advice of counsel as a defense to willful infringement, it shall produce any such opinions on which it intends to rely to the other party no later than May 30, 2011.

        4.    ***Markman* Claim Construction Hearing.**  A *Markman* claim construction hearing shall be held on May 16, 2011 at 9:30 a.m.  The *Markman* hearing is scheduled for a day.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before January 14, 2011, the parties shall exchange Proposed Claim Terms for Construction.  On or before February 1, 2011 the parties shall exchange Proposed Constructions with citations to intrinsic evidence.  On or before February 15, 2011, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed by April 19, 2011.  The parties shall file opening claim construction briefs on March 15, 2011 and answering claim construction briefs on April 15, 2011.  Briefing will be presented pursuant to the court's Local Rules, **with the following**

**exception with regard to page limits:** unless otherwise approved by the court, no opening or answering brief shall exceed 30 pages in each instance exclusive of any table of contents or table of citations.

        5.    **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before July 15, 2011. The parties will work in good faith on the appropriate timing or staging of any discovery. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before September 1, 2011. Rebuttal expert reports shall be served on or before November 1, 2011. Expert Discovery in this case shall be initiated so that it will be completed on or before December 21, 2011.

        a.    **Discovery and Scheduling Matters.** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6. **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact the assigned United States Magistrate Judge to schedule a settlement conference with counsel and the clients.

8. **Summary Judgment Motions.** There will be no summary judgment motions in this case.

9. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

11. **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference. Daubert issues are properly raised as a Motion *in Limine* (to be submitted in accordance with the Motion *in Limine* schedule) and will count toward the five (5) motions permitted per side.

12. **Pretrial Conferences.** On May 1, 2012, May 7, 2012 and September 10, 2012, beginning at 9:30 a.m., the Court will hold Pretrial Conferences in Chambers with counsel, on the patent infringement claims, the contract claims, and the antitrust claims, respectively. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine:*** No party shall file more than five (5) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by March 30, 2012 (patent infringement), April 13, 2012 (contract), and July 27, 2012 (antitrust). Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before April 2, 2012 (patent infringement), April 16, 2012 (contract) and July 30, 2012 (antitrust).

13. **Trials.**  This matter is scheduled for a 15-day jury trial on the patent infringement issues beginning at 9:30 a.m. on May 21, 2012; a 5-day jury trial on the contract issues beginning at 9:30 a.m. on June 18, 2012; and a 7-day jury trial on the antitrust claims beginning at 9:30 a.m. on October 1, 2012.

14. **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
CHIEF, UNITED STATES DISTRICT JUDGE