IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 09-791-GMS |
| APPLE INC., | ) ) ) |
| Defendant. | ) |
| APPLE INC. | ) ) |
| Counterclaim-Plaintiff, | ) ) |
| v. | ) ) |
| NOKIA CORPORATION and NOKIA INC. | ) ) |
| Counterclaim-Defendants. | ) |

**APPLE INC.'S MOTION TO DISMISS NOKIA'S COUNTERCLAIM AND MOTION TO STRIKE NOKIA'S SEVENTH DEFENSE**

OF COUNSEL:

William F. Lee
WILMERHALE
60 State Street
Boston, MA  02109
Tel: 617 526 6000

Mark D. Selwyn
WILMERHALE
1117 California Avenue
Palo Alto, CA  94304
Tel: (650) 858-6000

Kenneth H. Bridges
Michael T. Pieja
WONG CABELLO
540 Cowper Street, Suite 100
Palo Alto, CA
Tel: (650) 681-4475

Dated: July 19, 2010
975137 / 35035

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim-Plaintiff Apple Inc.*

## I. INTRODUCTION

Nokia has asserted "Counterclaim I" for declaratory judgment that Nokia has met its obligations under its FRAND undertakings and is entitled to injunctive relief against Apple in the event that Nokia establishes infringement of its declared-essential patents. Nokia's Counterclaim I contains language identical to Nokia's proposed First Amended Complaint.[1] Even if such an unusual "counterclaim to a counterclaim" is procedurally proper, Counterclaim I should be dismissed for the same reasons the Court should deny Nokia's Motion for Leave to Amend its complaint to seek injunctive relief. For the convenience of the Court, Apple will briefly summarize those grounds and incorporates by reference herein its Opposition To Nokia Corporation's and Nokia Inc.'s Motion for Leave to Amend Complaint.

Nokia's counterclaim fails to properly allege sufficient facts to show an entitlement to relief. Nokia concedes on the face of its counterclaim—as it must—that Apple is entitled to a FRAND license. *See* Nokia's Counterclaims ("NCC") ¶ 40 ("Once an IPR holder has made a F/RAND commitment, all manufacturers may…use the inventions from any declared essential IPRs."). As the Supreme Court has held, the existence of such a license precludes an action for an injunction. *De Forest Radio Tel. & Telegraph Co. v. United States*, 273 U.S. 236, 242 (1927). Indeed, Nokia has recognized this very same principle in trying to avoid an injunction based on Qualcomm's purportedly standards-essential patents: "IPR holders that undertake FRAND commitments pursuant to ETSI's IPR Policy effectively ***relinquish their right to exclude others***

---

[1] On the same day as Nokia filed its Answer and Counterclaim I, Nokia filed its Motion for Leave to Amend Complaint, with the proposed First Amended Complaint attached. D.I. 67. Nokia seeks to add requests for an injunction to each of the ten counts alleging infringement of the Declared-Essential Patents, to add a claim styled as a declaratory judgment seeking injunctive relief against Apple for infringement of the Declared-Essential Patents, and to add claims for infringement of three new, non-essential patents. Count XI of the proposed amended complaint is identical to Nokia's Counterclaim I.

from practicing their patents to implement the standard and estop themselves from pursuing unlimited licensing fees or injunctions." Pls.' Opening Pre-Trial Br. at 47, *Nokia Corp. v. Qualcomm Inc.*, C.A. No. 2330 (Del. Ch. Ct. July 8, 2008) (emphasis added). Nokia should be held to this same standard.

Nokia attempts to evade its FRAND license by alleging that Apple has "repudiated" the license. The factual bases asserted in support of "repudiation" are not only legally insufficient, but also contradicted by the pleadings in this case. Nokia has conceded the existence of a license, and has alleged no plausible facts showing that Apple is not entitled to the benefits of that license. Nokia's counterclaim for an injunction accordingly fail to state a claim for relief. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Moreover, because Nokia's claim for injunctive relief directly contradicts Nokia's prior positions, the Court should exercise its discretion to bar this claim under the doctrine of judicial estoppel, which precludes litigants from benefiting from contradictory positions on the same issues from case to case. In *Nokia Corp. v. Qualcomm Inc.*, C.A. No. 2330 (Del. Ch. Ct.), Nokia argued—on grounds of law, fact, and policy—that a FRAND commitment waives any right to seek an injunction, even where the potential licensee contests infringement, validity, or the appropriate royalty rates and terms. Nokia should not be allowed to claim the opposite here.

Apple also moves to strike Nokia's seventh defense, which alleges that Apple has engaged in anticompetitive conduct similar to Nokia's own conduct and therefore cannot recover for damages inflicted by Nokia. This purported *in pari delicto* defense has been rejected by the Supreme Court as a defense to antitrust claims and should not stand.

## II. NATURE AND STAGE OF THE PROCEEDING

Apple has set forth a detailed statement of the nature and stage of the proceeding in its Opposition to Nokia's Motion to Amend, filed herewith at pp. 3-5, and incorporates it by reference herein.

## III. SUMMARY OF THE ARGUMENT

1. Nokia's counterclaim for declaratory judgment that Apple has repudiated its FRAND license and seeking injunctive relief against Apple should be dismissed. Nokia concedes that Apple has a license to the Declared-Essential Patents based on its FRAND commitments, and has failed to allege any facts that the Court is required to accept as true that support a claim for repudiation. It is impermissible as a matter of law for Nokia to seek an injunction against a licensee. Nokia's remedy, should it prevail on its claims concerning the Declared-Essential Patents, is limited to a FRAND royalty. Accordingly, Nokia's counterclaim should be dismissed.

2. Nokia also is estopped from seeking an injunction against Apple with respect to its Declared-Essential Patents, based on the contradictory positions Nokia asserted in its prior litigation against Qualcomm. Nokia cannot argue to one Delaware court that FRAND commitments preclude an injunction regardless of whether the licensee accepts the licensor's initial offers, and then seek to revoke its own FRAND commitments in the same situation before another Delaware court, particularly where Nokia's baseless claims use the specter of this Court's equitable powers to further its anticompetitive conduct.

3. Nokia's seventh defense, alleging that Apple has engaged in anticompetitive conduct similar in nature to Nokia's own conduct and therefore cannot recover for damages inflicted by Nokia, should be stricken. As presented, Nokia's defense has been explicitly

rejected by the Supreme Court and should not be used to justify expanding the scope of discovery to the detriment of Apple.

## IV. STATEMENT OF FACTS

Nokia's Counterclaim I is identical to Count XI in Nokia's proposed Amended Complaint. Apple has set forth a detailed statement of the facts relevant to Nokia's proposed Count XI in its Opposition to Nokia's Motion to Amend, filed herewith at pp. 6-8, and incorporates it by reference herein.

## V. ARGUMENT

### A. Nokia's Counterclaim Is Legally Insufficient

The arguments presented in Apple's Opposition to Nokia's Motion to Amend on the grounds of futility and estoppel also provide the grounds for Apple's Motion to Dismiss Counterclaim I. For the reasons set forth in Apple's Opposition, Nokia's counterclaim for declaratory judgment that it is entitled to injunctive relief fails to meet the plausibility standard of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") and should be dismissed. Apple relies on its Opposition filed herewith at pp. 8-15 as if those arguments were fully set forth herein.

### B. Nokia's Seventh Defense Is Also Legally Insufficient

Nokia's Seventh Defense should be stricken. In its answer to Apple's counterclaims, Nokia claims that Apple "is estopped from alleging that Nokia engaged in anticompetitive misconduct by failing to disclose declared-essential patents because Apple has engaged in similar but more egregious misconduct." Nokia's Affirmative Defenses to Apple's Counterclaims, Seventh Defense (Estoppel), D.I. 66. Nokia's Seventh Defense is facially

insufficient, and should be stricken. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense...."). Motions to strike, where appropriate, "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989).

Nokia has, in essence, asserted the defense of *in pari delicto*,[2] arguing that Apple cannot recover on its antitrust claims because Apple was allegedly involved a separate, unrelated antitrust violation. The Supreme Court has expressly rejected the application of the *in pari delicto* defense to antitrust suits. *See Perma Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 140 (1968) ("We therefore hold that the doctrine of *in pari delicto*, with its complex scope, contents, and effects, is not to be recognized as a defense to an antitrust action") *overruled in part on other grounds by Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984). In fact, even where a plaintiff has participated in the ***same antitrust conspiracy*** as the defendant, recovery is only barred, if ever, where the plaintiff's involvement was "truly complete." *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 383 (3d Cir. 2005). Nokia's defense makes no allegation that Apple was involved in an antitrust conspiracy *with Nokia*, and as such clearly fails as a matter of law. Permitting this defense to stand would prejudice Apple by dramatically increasing the scope of discovery. Since it has no legal basis, it should be stricken.

---

[2] The doctrine of *in pari delicto* has been applied "in a wide variety of situations in which a plaintiff seeking damages or equitable relief is himself involved in some of the same sort of wrongdoing." *Perma Mufflers v. Int'l Parts Corp.*, 392 U.S. 134, 138 (1968) *overruled in part on other grounds by Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984).

## VI. CONCLUSION

For the reasons state above, the Court should dismiss Nokia's Counterclaim I and strike Nokia's Seventh Defense

OF COUNSEL:

William F. Lee
WILMERHALE
60 State Street
Boston, MA 02109
Tel: 617 526 6000

Mark D. Selwyn
WILMERHALE
1117 California Avenue
Palo Alto, CA 94304
Tel: (650) 858-6000

Kenneth H. Bridges
Michael T. Pieja
WONG CABELLO
540 Cowper Street, Suite 100
Palo Alto, CA
Tel: (650) 681-4475

Dated: July 19, 2010
975137 / 35035

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim-Plaintiff Apple Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 19, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 19, 2010, the attached document was electronically mailed to the following person(s)

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com

Adam J. Biegel
Keith E. Broyles
Patrick J. Flinn
John D. Haynes
Ryan W. Koppelman
Mark A. McCarty
Peter Kontio
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
adam.biegel@alston.com
keith.broyles@alston.com
patrick.flinn@alston.com
john.haynes@alston.com
ryan.koppelman@alston.com
mark.mccarty@alston.com
peter.kontio@alston.com

Alan L. Whitehurst
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
alan.whitehurst@alston.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

941557/35035

2