IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION,                          )
                                            )
                    Plaintiff,              )
                                            )
          v.                                )
                                            )
APPLE INC.,                                 )
                                            )
                    Defendant.              )
_____            )     C.A. No. 09-791 (GMS)
APPLE INC.,                                 )
                                            )
                    Counterclaim Plaintiff, )
                                            )
          v.                                )
                                            )
NOKIA CORPORATION and NOKIA INC.,           )
                                            )
                    Counterclaim Defendants.)


**NOKIA CORPORATION'S AND NOKIA INC.'S OPENING BRIEF
IN SUPPORT OF THEIR MOTION TO STAY
<u>APPLE INC.'S PATENT CLAIMS PENDING REEXAMINATION</u>**


OF COUNSEL:

Patrick J. Flinn
Peter Kontio
John D. Haynes
Mark A. McCarty
Adam J. Biegel
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

August 3, 2010

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Nokia Corporation and
Nokia Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................ 1

THE NATURE AND STAGE OF THE PROCEEDINGS .................................................... 1

SUMMARY OF NOKIA'S ARGUMENT ........................................................................... 3

STATEMENT OF FACTS .................................................................................................... 4

ARGUMENT ....................................................................................................................... 7

I.    THE PROCEEDINGS ON APPLE'S PATENTS SHOULD BE STAYED PENDING REEXAMINATION ................................................. 7

    A.    Stay Will Substantially Simplify the Issues in This Case ........................... 8

        1.    A stay will prevent unnecessary and duplicative efforts by the parties and the Court. ................................................. 8

        2.    Apple's counterclaim patents are unrelated to the other issues in this case. ................................................................ 11

    B.    A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Apple ................................................................ 12

    C.    A Stay is Appropriate at This Early Stage of Litigation ........................... 13

II.    PROCEEDINGS SHOULD BE STAYED FOR ALL NINE APPLE PATENTS ...................................................................................... 15

CONCLUSION .................................................................................................................. 16

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*
   C.A. No. 06-514 GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) ................................... 8-9

*Agar Corp. v. Multi-Fluid, Inc.,*
   983 F. Supp. 1126 (S.D. Tex. 1997) ..................................................................................12

*ASCII Corp. v. STD Entm't USA, Inc.,*
   844 F.Supp. 1378 (N.D. Cal. 1994) ...................................................................................14

*Bausch & Lomb Inc. v. Alcon Laboratories, Inc.,*
   914 F. Supp. 951 (W.D. N.Y. 1996) ..................................................................................14

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,*
   1 F.3d 1214 (Fed. Cir. 1993).............................................................................................9

*Broad. Innovation, L.L.C. v. Charter Commc'n, Inc.,*
   No. 03-CV-2223-ABJ-BNB, 2006 WL 1897165 (D. Colo. 2006)................................... 14-15

*Chimie v. PPG Indus., Inc.,*
   402 F.3d 1371 (Fed. Cir. 2005).........................................................................................10

*Cook Inc. v. Endologix, Inc.,*
   No. 1:09-cv-1248-WTL-TAB, 2010 WL 325960 (S.D. Ind. Jan. 21, 2010) ..........................12

*Ethicon, Inc. v. Quigg,*
   849 F.2d 1422 (Fed. Cir. 1988).........................................................................................7

*Gioello Enters. Ltd. v. Mattel, Inc.,*
   C.A. No. 99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) .........................................9

*Gould v. Control Laser Corp.,*
   705 F.2d 1340 (Fed. Cir. 1983).........................................................................................8

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness Inc.,*
   48 U.S.P.Q.2d 1058 (C.D. Cal. 1998).................................................................................11

*Ho Keung Tse v. Apple Inc.,*
   No. C 06-06573 SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007).......................................7

*KLA-Tencor Corp. v. Nanometrics, Inc.,*
   No. C 05-03116 JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ......................................12

*Laitram Corp. v. NEC Corp.*,
  163 F.3d 1342 (Fed. Cir. 1998).................................................................................9

*Magna Donnelly Corp. v. Pilkington North America, Inc.*,
  No. 4:06-CV-126, 2007 WL 772891 (W.D. Mich. 2007) ..............................15-16

*Motson v. Franklin Covey Co.*,
  Civ. No. 03-1067, 2005 WL 3465664 (D.N.J. 2005) ...................................14

*Nikken USA, Inc. v. Robinsons-May, Inc.*,
  51 F. App'x 874 (Fed. Cir. 2002) .............................................................10

*Pactool Int'l Ltd. v. Dewalt Indus. Tool Co.*,
  No. C-6-5367BHS, 2008 WL 312677 (W.D. Wash. 2008)..........................15

*Pegasus Dev. Corp. v. Directv, Inc.*,
  Civ.A. No. 00-1020-GMS, 2003 WL 21105073 (D. Del. 2003) ................14

*Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*,
  No. 2:97CV00660, 1998 WL 1037920 (M.D.N.C. Dec. 17, 1998).............9

*Sorensen v. Black and Decker Corp.*,
  No. 06cv1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal. 2007)..............15

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
  33 U.S.P.Q.2d 2022 (N.D. Cal. 1995) ......................................................11

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
  595 F.3d 1340 (Fed. Cir. 2010)...............................................................10

*Wall Corp. v. Bonddesk Group*,
  C.A. No. 07-844 GMS, 2009 WL 528564 (D. Del. Feb. 24, 2009)............7

*Xerox Corp. v. 3 Com Corp.*,
  69 F. Supp. 2d 404 (W.D.N.Y. 1999) ........................................................8

**RULES AND STATUTES**

35 U.S.C. § 252............................................................................................9

35 U.S.C. § 307(b).......................................................................................9

## INTRODUCTION

In response to Nokia's complaint for infringement of ten wireless essential patents, Apple counterclaimed alleging that Nokia infringes nine patents relating to a wide variety of technologies, including software development tools, digital signal processing, input/output devices, power management, and user interfaces. Of these nine extra Apple patents, the PTO has already granted five requests for *ex parte* reexamination and four remain pending. Apple has not declared any of these extra patents as essential to any standard, and they do not directly relate to any of the FRAND or alleged antitrust claims which largely comprise the remainder of the case. Because, as the PTO has indicated, these extra Apple patents are of questionable validity, Nokia requests that the Court stay Apple's counterclaims for all nine patents pending reexamination in order to conserve judicial resources.

## THE NATURE AND STAGE OF THE PROCEEDINGS

This case is in its beginning stages. On October 22, 2009, Nokia sued Apple for infringement of ten wireless essential patents, seeking fair, reasonable, and non-discriminatory (FRAND) compensation. On December 11, 2009, Apple answered and counterclaimed alleging that Nokia infringes nine patents relating to various technologies, from user interfaces to digital signal processing. On February 19, 2010, Apple filed an amended answer and counterclaims. On July 1, 2010, Nokia filed its Answer to Apple's Amended Counterclaims.

On June 8, 2010, Apple served its first discovery requests, and on June 22, 2010 Apple served its first patent-related contention interrogatories. On July 26, 2010, Apple answered Nokia's patent-related contention interrogatories by omitting any substantive responses and instead stating that "the disclosure should take place in a logical and orderly manner," and that "Apple is willing to meet and confer regarding a reasonable schedule for the exchange of

disclosures on the patent issues" (Koppelman Dec.[1] Ex. 1, Apple's Response to Nokia's Second Set of Interrogatories at p. 7-8). Apple proposes no date whatsoever for the proposed conference, much less a deadline by which it will provide Nokia with any indication of why it believes Nokia infringes its patents.

Claim construction briefing is scheduled to begin in eight months and the Markman hearing is scheduled to take place in ten months. The 15-day patent infringement jury trial is scheduled to begin in 22 months.

On May 24, 2010, Apple moved to consolidate this case with *Apple Inc. v. High Tech Computer Corp.*, C.A. No. 10-166 and C.A. No. 10-167, infringement cases it filed against HTC and other parties (Koppelman Dec. Ex. 2, Apple's Motion to Consolidate). On June 29, 2010, Apple moved to transfer a case pending in the Western District of Wisconsin, *Nokia Corp. v. Apple Inc.*, Civil Action No. 10-CV-249, to this Court due to the alleged similarity of issues between this case and that proceeding (Koppelman Dec. Ex. 3, Apple's Motion to Transfer). If Apple's various motions to combine cases were to be granted, a total of 59 patents would be at issue in a single proceeding.

On April 28, 2010, almost two months before Apple's first patent-related discovery requests were served, counsel for Nokia filed requests for *ex parte* reexamination for the nine Apple counterclaim patents. The PTO has now granted five of those requests and four remain pending. One request was initially denied, but on July 23, 2010, Nokia filed a petition for review, which is currently pending.

---

[1]     Declaration of Ryan W. Koppelman in Support of Motion to Stay Pending Reexamination.

## SUMMARY OF NOKIA'S ARGUMENT

Apple's patent infringement claims should be stayed pending reexamination for at least the following three reasons.

- A stay of Apple's patent claims would substantially simplify and streamline this case. None of Apple's asserted patents are declared essential to any standard, and they do not directly relate to any of the FRAND or alleged antitrust claims, which largely comprise the majority of this case. The case could otherwise proceed while Apple's patent claims are reexamined by the PTO.

- A stay is appropriate in these circumstances to prevent unnecessary and duplicative efforts by the Court and the parties over a large number of asserted patents. Based on PTO statistics, a large majority of patents which enter reexamination are at least amended, if not invalidated. Staying this case will most likely prevent the parties from litigating issues that are rendered moot by the PTO's decisions. For example, if Apple substantially amends its patent claims, any potential damages would be based only on acts occurring after issuance of the reexamination certificate, which would significantly limit the number of accused phones and corresponding discovery.

- Apple's patent claims should be stayed in these circumstances because it is still very early in this case. Active discovery on the patent claims only began within the last month, and the trial is not scheduled to take place until mid-2012. Nokia quickly identified invalidating prior art for Apple's patents and immediately sought reexamination of those patents. Nokia submitted the requests for reexamination less than three months after Apple amended its counterclaims and

- 3 -

two months before Apple ever served a patent-related contention interrogatory in this case. Indeed, Apple believes it is too early in this case to exchange responses to contention interrogatories. Thus, a stay under these circumstances will not prejudice Apple.

Accordingly, Apple's patent infringement claims should be stayed pending reexamination.

## STATEMENT OF FACTS

Below is a summary of Apple's asserted patents, along with a summary of the prior art that Nokia cited against each patent in each *ex parte* reexamination request, as well as the status of each request before the PTO.

U.S. Patent No. 5,315,703 ("the 703 patent") generally relates to an object-oriented implementation of a change notification system. Apple accuses Nokia handsets using the S60 and/or Symbian platform, including the E71, of infringing this patent. Nokia's reexamination request explains how an article, *Version Management in Gypsy*, anticipates claims 1-14 of the 703 patent (Koppelman Dec., Ex. 4). The PTO agreed that the newly cited reference creates a substantial new question of patentability, and on July 14, 2010, granted Nokia's request for reexamination (Koppelman Dec., Ex. 5).

U.S. Patent No. 5,455,854 ("the 854 patent") generally relates to object-oriented design and programming for a telephone with a computer that controls telephony functions such as initiating a call connection, monitoring call progress, activating call features, and storing call status information. Apple accuses Nokia handsets using the S60 and/or Symbian platform, including the E71, of infringing this patent. Nokia's reexamination request explains how the 854 patent would have been obvious in view of the newly cited references (Koppelman Dec., Ex. 6).

- 4 -

The PTO agreed that the newly cited references create a substantial new question of patentability, and on July 14, 2010, granted Nokia's request for reexamination (Koppelman Dec., Ex. 7).

U.S. Patent No. 7,469,381 ("the 381 patent") generally relates to scrolling documents on a touch screen device beyond the edge of the document then snapping the document back to the edge of the screen. Apple accuses Nokia's N900 handset of infringing this patent. Nokia's reexamination request explains how the 381 patent would have been obvious in view of an article describing the Glimpse system in combination with the other newly cited references (Koppelman Dec., Ex. 8). The PTO agreed that the newly cited references create a substantial new question of patentability, and on July 14, 2010, granted Nokia's request for reexamination (Koppelman Dec., Ex. 9).

U.S. Patent No. 5,555,369 ("the 369 patent") is directed to a graphically-based software development tool for developing applications on one computer for use on another computer that has a pen or pointer-based touch screen. Apple accuses the Carbide.c++ software development tool of infringing this patent. Nokia's reexamination request explains how the 369 patent is anticipated by Visual Basic 2.0 (Koppelman Dec., Ex. 10). The PTO initially denied the request on July 14, 2010 (Koppelman Dec., Ex. 11). Nokia filed a petition for review of this denial on July 23, 2010 based on clear errors by the examiner in denying the request (Koppelman Dec., Ex. 12).

U.S. Patent No. 5,634,074 ("the 074 patent") generally relates to a method of identifying an input/output device connected to a computer through a serial cable. Apple accuses Nokia products having USB functionality, including the E71 handset, of infringing this patent. Nokia's reexamination request explains how the 074 patent would have been obvious in view of

the newly cited references (Koppelman Dec., Ex. 13). The PTO agreed that the newly cited

references create a substantial new question of patentability, and on July 14, 2010, granted

Nokia's request for reexamination (Koppelman Dec., Ex. 14).

U.S. Patent No. 5,848,105 ("the 105 patent") generally relates to a filtering

apparatus for extracting a signal of interest from a group of spectrally and temporally

overlapping input signals. Apple accuses Nokia cellular handsets having GSM functionality,

including the 5310, E71, and N900, of infringing this patent. Nokia's reexamination request

explains how an article, *Exploitation of Spectral Redundancy in Cyclostationary Signals*,

anticipates the claims of the 105 patent (Koppelman Dec., Ex. 15). The PTO agreed that the

newly cited reference creates a substantial new question of patentability, and on July 14, 2010,

granted Nokia's request for reexamination (Koppelman Dec., Ex. 16).

U.S. Patent No. 7,383,453 ("the 453 patent") generally relates to providing

power-saving modes to reduce dynamic and static power consumption of a processor by stopping

the clock to the processor core and reducing the core voltage. Apple accuses Nokia's N900

handset of infringing this patent. Nokia's reexamination request explains how PCT Patent

Application Publication No. WO 01/27728 A1 to Qureshi anticipates claims 1-2, 5-9, 12-16, and

19-21 of the 453 patent (Koppelman Dec., Ex. 17). The PTO has not yet responded to this

request, but its deadline for doing so is September 3, 2010.

U.S. Patent No. 6,239,795 ("the 795 patent") generally relates to providing a user

with increased flexibility and control over the appearance and behavior of objects on a user

interface. Apple accuses Nokia handsets using the Series 40, S60 and/or Symbian platforms,

including the 5310, E71, and N900, of infringing this patent. Nokia's reexamination request

explains how the book *Maximizing Windows 3 Getting the Most from Microsoft Windows*

anticipates claims 1-12 of the 795 patent (Koppelman Dec., Ex. 18).  The PTO has not yet responded to this request, but its deadline for doing so is September 2, 2010.

U.S. Patent No. 6,189,034 ("the 034 patent") generally relates to the launching of a teleconference application upon receipt of a call signal.  Apple accuses Nokia handsets using the Series 40, S60 and/or Symbian platforms, including the E71, of infringing this patent. Nokia's reexamination request explains how Patent Application No. WO 94/11813 anticipates claims 1-6, 8-15, and 17-22 of the 034 patent (Koppelman Dec., Ex. 19).  The PTO has not yet responded to this request, but its deadline for doing so is September 2, 2010.

## ARGUMENT

I.    **THE PROCEEDINGS ON APPLE'S PATENTS SHOULD BE STAYED PENDING REEXAMINATION**

This Court has broad discretion to stay all proceedings related to Apple's patents-in-suit pending the reexamination proceedings.  *Wall Corp. v. Bonddesk Group*, C.A. No. 07-844 GMS, 2009 WL 528564 at *1 (D. Del. Feb. 24, 2009) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988)).  "There is 'a liberal policy in favor of granting motions to stay proceedings pending the outcome' of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery."  *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007) (granting defendant Apple's motion for stay pending *ex parte* reexamination of the patent-in-suit and quoting *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994)).

"In determining whether a stay is appropriate, the court's discretion is guided by the following factors: '(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set.'"

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.* C.A. No. 06-514 GMS, 2007 WL 2892707, at *4 (D. Del. Sept. 30, 2007) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

Nokia requests that the Court exercise its discretion here to stay the proceedings pending reexamination, as is discussed below.

### A.   Stay Will Substantially Simplify the Issues in This Case

#### 1.   A stay will prevent unnecessary and duplicative efforts by the parties and the Court.

Five of Apple's patents are already undergoing reexamination and four requests for reexamination are pending. 77% of patents emerge from *ex parte* reexamination with either cancelled or changed claims. U.S.P.T.O. *Ex parte* Reexamination Filing Data – June 30, 2010.[2] Thus, it is extremely likely that the scope of the claims at issue will change during reexamination. This will affect several aspects of Apple's patent claims, including invalidity, claim construction, and infringement. Simplifying these issues, or eliminating them altogether, will prevent unnecessary and duplicative efforts by the parties and the Court on a large number of asserted patents. This is precisely the purpose of the reexamination procedure. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

The Court in this case "would surely benefit from the expert opinion of the PTO, and awaiting the outcome of the reexamination process could possibly eliminate the need for trial

---

[2]    *available at* http://www.uspto.gov/patents/EP_quarterly_report_June_30_2010.pdf

if the claims are canceled." *Abbott Diabetes Care*, 2007 WL 2892707, at *5 (quoting *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, No. 2:97CV00660, 1998 WL 1037920, at *3 (M.D.N.C. Dec. 17, 1998)). If all of Apple's claims are cancelled for one or more of the patents, the Court need not expend its limited resources with respect to that patent in this case.

But even if no claims are cancelled, accused products could be removed from the case if Apple amends claims during reexamination. Apple has accused a long list of Nokia products of infringing one or more patents. If Apple amends any patent claims so that they are not "substantially identical" to the original claims, damages based on acts that took place prior to issuance of the reexamination certificate will be unavailable. 35 U.S.C. § 252; *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998); *see also* 35 U.S.C. § 307(b) (applying section 252 to reexamination proceedings). This is based on the doctrine of intervening rights. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220 (Fed. Cir. 1993). Accordingly, Apple could only recover damages for products that are still being sold and any products that are not sold after issuance of the reexamination certificate would be removed from this litigation. This could save the Court's time and resources, particularly in light of the rapidly changing mobile phone industry and the short commercial lifespan of many of the accused products. This would also limit Apple's ability to recover damages on products sold both before and after issuance of the reexamination certificate. Such a drastic change in potential recovery could also encourage settlement between these parties over these claims, without further efforts by the Court here. *See Gioello Enters. Ltd. v. Mattel, Inc.*, C.A. No. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) ("Numerous courts have cited a number of advantages of granting a stay pending PTO reexamination [including] (4) the outcome of the reexamination may encourage a settlement without further involvement of the court....").

A stay of Apple's patent claims pending reexamination will also conserve judicial resources during claim construction.  A stay in this case will allow the intrinsic evidence to be fully developed before this Court or the parties begin the claim construction process on nine patents because statements made by Apple during reexamination proceedings become part of the prosecution history that will be relevant to the interpretation of the asserted patent claims.  *See, e.g., Nikken USA, Inc. v. Robinsons-May, Inc.*, 51 F. App'x 874, 884 (Fed. Cir. 2002) ("statements made during the prosecution history, including reexamination proceedings, are relevant to determining claim scope").  Arguments and amendments made during the prosecution history must be considered in construing a claim in order to "exclude any interpretation that was disclaimed during prosecution."  *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1384 (Fed. Cir. 2005) (quotation omitted).  Thus, a stay of Apple's claims under the circumstances will obviate the need for the Court and the parties to revisit claim construction on a large number of patents during or after the development of the intrinsic record in the reexamination process.

A stay may also simplify the issue of infringement.  Apple relies, in part, on the doctrine of equivalents in alleging infringement by Nokia (Koppelman Dec., Ex. 20, Apple's Amended Answer and Counterclaims at ¶¶ 194, 212, 218, 224, 230, 236, 248, 254, and 260).  Arguments or amendments by Apple during reexamination might relinquish coverage of subject matter by the asserted Apple patents.  In that event, the doctrine of prosecution history estoppel would preclude Apple from relying on the doctrine of equivalents to attempt to establish infringement.  *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1355-56 (Fed. Cir. 2010).  In short, a stay under these circumstances will simplify the issues in this case by allowing the prosecution history of the nine asserted Apple patents to be fully developed before the parties expend time and resources preparing their infringement and non-infringement positions.

- 10 -

On the contrary, a refusal to stay Apple's numerous patent claims in this case could well result in precisely the unnecessary duplication of effort, waste of resources, and potential inconsistencies that the reexamination procedures are designed to eliminate. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) ("It makes sense to ascertain the ultimate scope of the claims before trying to figure out whether defendants' products infringe the patent-in-suit."). Because "the final form of the claims will remain uncertain until the conclusion of the reexamination procedure," *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1060 (C.D. Cal. 1998), it makes good sense, as a matter of judicial efficiency and economy and under the facts before this Court to await the conclusion of that procedure before resuming litigation of Apple's numerous asserted patents.

### 2.       Apple's counterclaim patents are unrelated to the other issues in this case.

A stay of Apple's patent claims will substantially simplify this case and will not create duplication of effort because Apple's numerous patent claims are not related to Nokia's FRAND claims or Apple's antitrust and contract claims.  Apple is alleging that Nokia's products infringe nine patents directed to various technologies, including software development tools, digital signal processing, input/output device installation, power management, and user interfaces.  Apple's patents have not been declared essential to any standards.  Ten of Nokia's patents at issue, on the other hand, have been declared essential to wireless standards and are directed to wireless data, speech coding, and wireless security and encryption.  Three of Nokia's patents at issue have not been declared essential to any standards and are directed to digital to analog power conversion, external device recognition, and Bluetooth connectivity.  Thus, there is very little, if any, overlap between the patents Nokia has asserted and the patents Apple has

asserted here.  Likewise, Apple's antitrust counterclaims are unrelated to Apple's patent infringement claims.

Because Apple's patent infringement claims are unrelated to any of the other claims in this case, the Court should stay Apple's patent infringement claims to allow the reexamination process to prevent unnecessary expenditure of resources by the Court and the parties.

**B.      A Stay Will Not Unduly Prejudice or Present a Clear
         Tactical Disadvantage to Apple**

Apple has the burden to demonstrate that a stay pending reexamination would be unduly prejudicial.  *See, e.g., Cook Inc. v. Endologix, Inc.*, No. 1:09-cv-1248-WTL-TAB, 2010 WL 325960, at *1 (S.D. Ind. Jan. 21, 2010).  Apple cannot demonstrate undue prejudice because this litigation is at an early stage and the expenditure of time and resources to this point has been relatively small.  *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661 at *3 (N.D. Cal. Mar. 16, 2006) ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation."); *Agar Corp. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) ("In considering the stage of the litigation at which the motion to stay is requested, the earlier the motion is filed, the more the court will be inclined to suspend its proceedings and await the results of the reexamination proceeding.")

Nokia filed the requests for reexamination at a relatively early stage in this case. Nokia did not, for example, wait until discovery was substantially complete or until summary judgment motions had been filed.  Nokia also did not wait until claim construction briefing had begun.  Instead, Nokia worked diligently to examine the prior art and submit the requests as quickly as possible under the circumstances.

- 12 -

Furthermore, Apple is in no rush to complete discovery in this case.  In response to Nokia's contention interrogatories related to Nokia's patents at issue, Apple stated that discovery should proceed "in a logical and orderly manner" and that Apple is "willing to meet and confer regarding a reasonable schedule for the exchange of disclosure on the patent issues" (Koppelman Dec., Ex. 1, Apple's Response to Nokia's Second Set of Interrogatories at p. 7-8).  It is clear that Apple is not pressing to speed up the discovery schedule and complete this case as quickly as possible.  The Court should not expend its limited resources pursuing patent infringement claims that are likely to change during reexamination when the patentee is in no rush to pursue discovery.

### C.    A Stay is Appropriate at This Early Stage of Litigation

This case is in its very early stages.  The parties served their first discovery requests in June and fact discovery is not scheduled to be completed for over a year.  Opening claim construction briefs are due in eight months and the Markman hearing is in ten months.  The 15-day patent infringement jury trial is scheduled to begin in 22 months.

Apple has only served one set of interrogatories and one set of requests for production directed to the Apple patents at issue in this case (Koppelman Dec. Ex. 1, Apple's Second Set of Interrogatories and Apple's Second Set of Requests for Production).  On July 26, 2010, Apple answered Nokia's patent-related contention interrogatories by omitting any substantive responses and instead stating that "the disclosure should take place in a logical and orderly manner," and that "Apple is willing to meet and confer regarding a reasonable schedule for the exchange of disclosures on the patent issues" (Koppelman Dec. Ex. 1).

The absence of significant discovery or substantial time and expense weighs in favor of staying Apple's patent claims in this case.  *See ASCII Corp. v. STD Entm't USA, Inc.,*

- 13 -

844 F.Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay where little discovery had taken place). Courts have frequently granted stays pending reexamination at this stage of litigation and even later. *See, e.g., Broad. Innovation, L.L.C. v. Charter Commc'n, Inc.*, No. 03-CV-2223-ABJ-BNB, 2006 WL 1897165, at *8 (D. Colo. 2006) (granting motion to stay where trial was set to begin in three months and dispositive motions had been fully briefed); *Motson v. Franklin Covey Co.*, No. Civ. 03-1067, 2005 WL 3465664, at *2 (D.N.J. 2005) (granting motion to stay where discovery was complete and a summary judgment motion had been decided because the case had not been set for trial and the pre-trial order had not been issued); *Pegasus Dev. Corp. v. Directv, Inc.*, No. Civ.A. 00-1020-GMS, 2003 WL 21105073, at *2 (D. Del. 2003) (granting motion to stay even though the case had been pending for over two and half years, discovery was set to close in three months, and trial was set to begin in nine months because the patent was extremely complex); *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, 914 F. Supp. 951, 953 (W.D. N.Y. 1996) (granting motion to stay even though discovery was complete).

This case is less than a year old and is not scheduled for trial until May 2012. A stay of Apple's patent claims is appropriate because reexamination can simplify the patent issues, avoiding the unnecessary expenditure of time and resources on issues that may need to be revisited after the reexamination proceedings.

Moreover, Apple has proposed to consolidate this case with 37 other patents in other litigation pending in this Court and in the Western District of Wisconsin (Koppelman Dec., Ex. 2). This would result in a single patent case with no fewer than 59 patents in addition to the FRAND, contract, and antitrust issues. Apple's proposal for a nearly apocalyptic patent infringement proceeding cannot be reconciled with a genuine interest in the speedy disposition of Apple's patent infringement counterclaims.

## II.   PROCEEDINGS SHOULD BE STAYED FOR ALL NINE APPLE PATENTS

A stay is also warranted for all nine Apple patents here because this is a complex case with overlapping accused products.  Allowing the PTO to provide its expert guidance on the technology at issue in Apple's patents will greatly relieve the burden on the parties and the Court.

Five of Nokia's requests for reexamination have already been granted and the remaining four requests are still pending.  Although one request was initially denied, Nokia has already filed a petition for review and that petition is now pending.  Courts have granted motions to stay pending requests for reexamination even before the PTO decides whether to grant the request, particularly when the technology is complex as in this case.  *See, e.g., Pactool Int'l Ltd. v. Dewalt Indus. Tool Co.*, No. C-6-5367BHS, 2008 WL 312677, at *1 (W.D. Wash. 2008) (granting motion to stay prior to PTO's decision where substantial discovery remained because the claims involved highly technical subject matter and the court would benefit from the PTO's expertise); *Magna Donnelly Corp. v. Pilkington North America, Inc.*, No. 4:06-CV-126, 2007 WL 772891, at *3 (W.D. Mich. 2007) (granting motion to stay prior to PTO's decision because the nine asserted patents involved complex technology and the Court would benefit greatly from the PTO's expertise); *Sorensen v. Black and Decker Corp.*, No. 06cv1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. 2007) (granting motion to stay prior to PTO's decision because fact discovery had not closed and claim construction briefing was not completed); *Broad. Innovation*, 2006 WL 1897165, at *4 (granting motion to stay prior to PTO's decision partly because "[t]he technical nature of the patent claims in question increases the utility of PTO expertise....").

- 15 -

In *Magna Donnelly*, the court was faced with a very similar case where the accused infringer filed requests for reexamination for all nine of the asserted patents. *Magna Donnelly*, 2007 WL 772891, at *1. Before the PTO had ruled on the requests, the accused infringer filed a motion to stay. *Id.* at *1. The court granted the motion to stay pending reexamination because the patents were extremely technical and it was "statistically likely that reexamination will result in at least some modification of the claims, even if no patents are canceled." *Id.* at *4. The court noted that "both discovery and trial on the matter will be greatly simplified by having the opinion and expertise of the PTO before the Court." *Id.* at *4. Nokia's motion to stay all nine Apple patents should be granted for these and the additional reasons set out in this brief.

## CONCLUSION

For the foregoing reasons, Nokia respectfully requests that the Court grant its motion to stay proceedings on Apple's patent infringement counterclaims pending reexamination of those patents.

OF COUNSEL:

Patrick J. Flinn
Peter Kontio
John D. Haynes
Mark A. McCarty
Adam J. Biegel
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000


August 3, 2010
3697528

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Nokia Corporation and
Nokia Inc.*

- 16 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2010, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on

August 3, 2010, upon the following in the manner indicated:

Richard L. Horwitz, Esquire                           *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801

William F. Lee, Esquire                               *VIA ELECTRONIC MAIL*
Mark D. Selwyn, Esquire
WILMERHALE
60 State Street
Boston, MA  02109

Kenneth H. Bridges, Esquire                           *VIA ELECTRONIC MAIL*
Michael T. Pieja, Esquire
Brian C. Kwok, Esquire
WONG, CABELLO, LUTSCH, RUTHERFORD
  & BRUCCULERI, LLP
540 Cowper Street
Palo Alto, CA  94301


Jack B. Blumenfeld (#1014)