IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION,<br><br>       Plaintiff,<br><br>       v.<br><br>APPLE INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| APPLE INC.,<br><br>       Counterclaim-Plaintiff,<br><br>       v.<br><br>NOKIA CORPORATION and NOKIA INC.,<br><br>       Counterclaim-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 09-791-GMS

**NOKIA'S ANSWERING BRIEF IN OPPOSITION TO
APPLE'S MOTION TO DISMISS NOKIA'S COUNTERCLAIM
AND MOTION TO STRIKE NOKIA'S SEVENTH DEFENSE**

OF COUNSEL:

Patrick J. Flinn
Peter Kontio
John D. Haynes
Mark A. McCarty
Adam J. Biegel
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

August 5, 2010

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff Nokia Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

NATURE AND STAGE OF THE PROCEEDING.......................................................... 1

SUMMARY OF ARGUMENT ................................................................................ 2

STATEMENT OF FACTS ..................................................................................... 3

ARGUMENT....................................................................................................... 4

    I.    NOKIA HAS STATED A PLAUSIBLE CLAIM FOR INJUNCTIVE
        RELIEF BASED ON APPLE'S REPUDIATION OF THE F/RAND
        COMMITMENT......................................................................................... 4

        A.  Apple Misunderstands Nokia's Repudiation Allegations.......................... 5

        B.  Nokia's Allegations of Repudiation are Properly Pled.............................. 6

        C.  The Doctrine of Judicial Estoppel is Inapplicable. ................................... 7

    II.   NOKIA'S VALID ESTOPPEL DEFENSE CANNOT BE
        MISCHARACTERIZED AS *IN PARI DELICTO* AND SHOULD
        NOT BE STRICKEN.................................................................................... 8

CONCLUSION.................................................................................................... 10

i

# TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009)............................................................................4, 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007).................................................................................2

*CitiSteel USA, Inc. v. Connell Ltd. P'ship., Luria Bros. Div.,*
    759 A.2d 928 (Del. 2000) .......................................................................6

*Dicar, Inc. v. Stafford Corrugated Products, Inc.,*
    No. 05-cv-5426, 2009 WL 1796053 (D.N.J. June 22, 2009)...................9

*Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.,*
    424 F.3d 363 (3d Cir. 2005)...................................................................9

*J.L. v. Murphy,*
    No. 10-22-RK, 2010 U.S. Dist. LEXIS 64403 (D. Del. June 28, 2010)............4, 5

*Montrose Med. Group Participating Sav. Plan v. Bulger,*
    243 F.3d 773 (3d Cir. 2001)...................................................................7

*New Hampshire v. Maine,*
    532 U.S. 742 (2001)...............................................................................7

*PAMI-LEMB I Inc. v. EMB-NHC, L.L.C.,*
    857 A.2d 998 (Ct. Ch. Del. 2004)....................................................5, 6

*Perma Life Mufflers, Inc. v. Int'l Parts Corp.,*
    392 U.S. 134 (1968)...............................................................................9

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008)...................................................................4

*United States v. Marisol,*
    725 F. Supp. 833 (M.D. Pa. 1989).........................................................9

*United States v. Pelullo,*
    399 F.3d 197 (3d Cir. 2005)...................................................................7

OTHER AUTHORITIES

Restatement (Second) of Contracts § 306 cmt (1981)....................................5

## INTRODUCTION

Like Apple's Opposition to Nokia Corporation's Motion for Leave to Amend its

Complaint, Apple's Motion to Dismiss Nokia's Counterclaim suffers from several fatal defects.

Nokia seeks a declaratory judgment that Apple has repudiated and/or rejected the benefits of

Nokia's F/RAND commitment, and seeks an award of injunctive relief based on this repudiation.

Apple's motion to dismiss this counterclaim should be denied because Apple fails to show that

Nokia has not stated a claim upon which relief can be granted.  Apple's motion to strike Nokia's

Seventh Defense, Estoppel, also fails because Apple does not meet the high burden necessary to

strike a defense.

## NATURE AND STAGE OF THE PROCEEDING

On October 22, 2009, Nokia Corporation filed a complaint against Apple, alleging that

Apple has infringed ten patents that have been declared essential to various wireless

communication standards (D.I. 1).  Apple filed its answer and counterclaims on December 11,

2009, asserting infringement of thirteen patents and bringing six non-patent claims against Nokia

(D.I. 14).  Subsequently, on February 19, 2010, Apple amended its answer and counterclaims to

dismiss four of its patent infringement claims as well as its non-patent claim for unfair

competition under California state law, and to add an antitrust claim under Section 2 of the

Sherman Act and include Nokia Inc. as an additional defendant (D.I. 21).

On July 1, 2010, Nokia moved for leave to amend its complaint, seeking to add claims

for the infringement of three implementation patents as well as a claim for a declaratory

judgment that Apple has repudiated the benefits of Nokia's F/RAND undertakings made to ETSI

and IEEE, or, alternatively, a declaration that Apple must pay Nokia F/RAND compensation

(D.I. 67, 68).  On July 19, 2010, Apple filed its opposition to Nokia's motion for leave to amend,

alleging in relevant part that: (i) Nokia has conceded that Apple has a license to its essential

1

patents, and therefore Nokia cannot seek injunctive relief with respect to those patents; and (ii)

Nokia should be judicially estopped from seeking an injunction because of its prior positions in

the *Qualcomm* dispute (D.I. 72).  On the same date, Apple filed its Motion to Dismiss Nokia's

Counterclaim and Motion to Strike Nokia's Seventh Defense, which simply incorporated these

motion to dismiss arguments by reference, and which argued that Nokia's Seventh Defense,

Estoppel, was "in essence" an *in pari delicto* defense and should therefore be stricken (D.I. 73).

## SUMMARY OF ARGUMENT

Apple's motion to dismiss Nokia's counterclaim mirrors its similarly erroneous

opposition to Nokia's motion for leave to amend its complaint.  As previously explained in

Nokia's Reply in Support of its Motion to Amend, which is hereby incorporated by reference,

Apple has repudiated and/or rejected its rights under Nokia's F/RAND commitments through its

outright refusal of its obligations.  As such, Nokia may seek injunctive relief to protect itself

from further infringement of its essential patents.  Apple argues that Nokia fails to state a claim

for relief under the *Bell Atlantic Corp. v. Twombly* standard for two reasons: (i) Nokia has

admitted that its commitments to standards-setting organizations granted similarly irrevocable

rights to Apple, and therefore Nokia may not pursue injunctive relief; and (ii) Nokia should be

judicially estopped from seeking injunctive relief because of its arguments in the *Qualcomm*

dispute. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Each of these arguments

fails.

The fact that a party admits that a F/RAND commitment was made is not also an

admission that the rights granted by that commitment can never be repudiated.  Any benefits to

which Apple would have been entitled based upon Nokia's F/RAND commitments were

repudiated through Apple's conduct following those commitments.  The fact that Nokia admits

that a F/RAND commitment grants a right is not also an admission that the right remains in place

in perpetuity regardless of the other party's actions or conduct, just as a party's admission that a contract exists is not also an admission that the contract has not been breached.

Likewise, Apple's argument that Nokia should be judicially estopped from asserting its counterclaim is facially deficient. The doctrine of judicial estoppel only applies where a party takes a position that is irreconcilably inconsistent with a successful argument made in a prior lawsuit. Apple argues that Nokia's claim for injunctive relief should be dismissed because of Nokia's prior argument regarding injunctive relief in a different factual context involving F/RAND issues, even though Nokia expressly stated in that other situation that injunctive relief should be available in extraordinary circumstances, such as in cases where a licensee refuses to comply with its FRAND obligations. In addition, judicial estoppel is only applied where a prior court has accepted the original position. As Apple has to admit, the *Qualcomm* court did not rule upon Nokia's position, and therefore judicial estoppel is not applicable.

Finally, Apple incorrectly attempts to recast Nokia's estoppel affirmative defense as *in pari delicto* and then strike that mischaracterized defense. Nokia correctly denominated its affirmative defense as estoppel, and Apple has failed to meet the heavy burden required to strike this defense.

## STATEMENT OF FACTS

This lawsuit arises from Apple's failure to pay royalties for the use of Nokia's declared essential patents (D.I. 1). Apple responded by filing an answer and counterclaims alleging the infringement of non-essential implementation patents as well as asserting six non-patent claims (D.I. 21). Nokia moved to dismiss Apple's non-patent counterclaims, noting that they were meant to distract this Court from the central issue of Apple's failure to pay F/RAND compensation to Nokia (D.I. 25, 26). Following the denial of Nokia's motion to dismiss, Nokia moved for leave to amend its complaint against Apple to include claims based on the

infringement of three implementation patents, as well as a claim for injunctive relief based on the

repudiation of the rights granted by Nokia's F/RAND commitments because these issues have

now become a part of this case (D.I. 67, 68). Nokia also filed an answer to Apple's

counterclaims, including a counterclaim that Nokia has satisfied its F/RAND obligations and is

entitled to injunctive relief (D.I. 66).

Apple filed an opposition to Nokia's motion for leave to amend the complaint (D.I. 72).

At the same time, Apple moved to dismiss Nokia's counterclaim, which asserted substantially

the same arguments and which fails for the same reasons, together with a motion to strike

Nokia's estoppel affirmative defense, arguing that the defense was "in essence" an *in pari delicto*

defense (D.I. 73).

## ARGUMENT

I.     **NOKIA HAS STATED A PLAUSIBLE CLAIM FOR INJUNCTIVE
       RELIEF BASED ON APPLE'S REPUDIATION OF THE F/RAND
       COMMITMENT**

A complaint must contain factual allegations sufficient to state a claim for relief which is

facially plausible in order to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009). Notwithstanding this plausibility requirement, the rules of pleading merely require

that a plaintiff make a short statement of the claim showing entitlement to relief rather than

detailed factual allegations. *See J.L. v. Murphy*, No. 10-22-RK, 2010 U.S. Dist. LEXIS 64403 at

*11 (D. Del. June 28, 2010) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.

2008)). Courts must also accept as true any well-pleaded allegations of fact in a claim, and must

view all reasonable inferences that may be drawn from the complaint in the light most favorable

to the plaintiff. If the plaintiff may be entitled to relief under any reasonable reading of the

complaint, the claim must not be dismissed. *See id.* at *12.

4

Apple argues that Nokia's counterclaim should be dismissed for failure to state a claim for two reasons. First, Apple claims that Nokia has admitted that Apple possesses irrevocable rights granted by Nokia's F/RAND commitments, which preclude Nokia's claim for injunctive relief. Second, Apple argues that Nokia should be judicially estopped from making a claim for injunctive relief based on its position in the prior *Qualcomm* litigation. Apple's arguments misunderstand both Nokia's counterclaim and the principles of contract law on which it rests. Therefore its motion to dismiss should be denied.

### A.    Apple Misunderstands Nokia's Repudiation Allegations.

Apple's motion to dismiss misapprehends the nature of Nokia's counterclaim. Nokia's argument that it is entitled to injunctive relief is grounded in an essential principle of contract law that a party who repudiates the rights provided by a contract may not claim the benefits of that contract. *See PAMI-LEMB I Inc. v. EMB-NHC, L.L.C.*, 857 A.2d 998, 1014-15 (Ct. Ch. Del. 2004); Restatement (Second) of Contracts § 306 cmt. b (1981).

Apple's opposition to Nokia's motion to amend its complaint, which Apple incorporates in its motion to dismiss, argues that Nokia cannot seek injunctive relief because Nokia acknowledged that it made irrevocable F/RAND commitments to ETSI and IEEE. Apple seemingly assumes that Nokia's contention that its own F/RAND commitments are irrevocable also admits that any corresponding benefits to third parties like Apple are likewise irrevocable, which is not the case. Instead, Nokia has alleged that although its F/RAND commitments to ETSI and IEEE do create corresponding rights which third party manufacturers such as Apple may obtain, these commitments also entail certain obligations, including to pay F/RAND compensation for essential patents utilized (D.I. 67 Ex. 1). Nokia has expressly alleged that Apple has refused to uphold or even to acknowledge its obligations, and has thereby repudiated any benefits to which it was entitled by virtue of Nokia's F/RAND commitments (*id.* ¶ 63).

Hence, Nokia has stated a plausible claim for injunctive relief. The boundaries of Apple's obligations due to Nokia's F/RAND commitments need not be considered at this stage of the litigation.

**B.      Nokia's Allegations of Repudiation are Properly Pled.**

Apple next argues that Nokia does not adequately allege that Apple repudiated its rights under Nokia's F/RAND commitments.[1] Even assuming, as Apple does, that Delaware law applies, under Delaware law a party repudiates a contract or its benefits where it makes an outright refusal to perform the contract or its conditions. *See CitiSteel USA, Inc. v. Connell Ltd. P'ship., Luria Bros. Div.*, 759 A.2d 928, 931 (Del. 2000); *see also PAMI-LEMB I*, 857 A.2d at 1014.

Nokia alleges that Apple made such a refusal to accept its obligations under Nokia's F/RAND commitments to ETSI and IEEE. Nokia's Answer and Counterclaim alleges that "[w]here, as here…a party…refuses to accept or make a F/RAND offer, refuses to participate in the negotiation process in good faith, refuses to pay royalties it deems in good faith to be F/RAND…and refuses to even concede that it has a payment obligation with respect to valid and infringed patents that are subject to F/RAND undertakings," that party has repudiated the benefits of the commitments (D.I. 66 at 37). Hence, Nokia properly alleges that Apple has repudiated the benefits of Nokia's F/RAND commitments.

---

[1]      As an initial matter, Apple never states what substantive law applies to this question, though its citations to Delaware substantive law indicates that it assumes Delaware law should apply (D.I. 72). Apple may not argue that Nokia's complaint fails to state a claim as a matter of law, while simultaneously refusing to state with certainty *what* law governs. Given that Nokia's commitment to ETSI is governed by French law, French law applies. Even assuming that Delaware law applies, Nokia's allegation that Apple has repudiated its benefits is properly stated.

## C.   The Doctrine of Judicial Estoppel is Inapplicable.

Apple's other argument in support of its motion to dismiss Nokia's counterclaim is based on the doctrine of judicial estoppel. Yet Apple has failed to satisfy a single element of judicial estoppel, much less all of them. Under Third Circuit precedent, a party can only be judicially estopped from making an argument where it has taken two positions on the subject which are irreconcilably inconsistent with one another, and where the shift in positions was made in bad faith. *See Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001). In addition, courts typically require that for a party to be judicially estopped from making an argument, a previous court must have adopted the position. This is because the purpose of the doctrine is the preservation of the integrity of the judicial process, and where no prior court has accepted an irreconcilably inconsistent position, there is no danger that one of the courts has been misled. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *see also United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (finding that a prior court's acceptance of the former argument is an integral factor to the doctrine).

Apple cannot satisfy these elements. First, contrary to Apple's assertion, Nokia's position in this case is not inconsistent with its position in the *Qualcomm* matter. In the *Qualcomm* litigation, Nokia took the position that injunctive relief may be available to an essential patent holder under extraordinary circumstances (Mot. at 12 n.7); *Nokia Corp. v. Qualcomm Inc.*, C.A. No. 2330, Plaintiff's Opening Pre-Trial Brief 2 (Del. Ch. Ct. July 8, 2008). Nokia further alleged that such extraordinary circumstances would be present, for example, "where the manufacturer refuses to pay judicially determined FRAND compensation," in other words, where a manufacturer, as Apple does, refuses to acknowledge that it has any payment obligations as the result of the F/RAND undertakings in question (*id.*). Accordingly, Nokia's position that an essential patent holder may seek injunctive relief based on the infringement of

7

essential patents under certain extraordinary circumstances, such as where a manufacturer rejects the existence of its FRAND obligations, has remained consistent across these disputes.

Apple must also acknowledge that another of the requests for the doctrine of judicial estoppel is not satisfied here. The court did not expressly accept Nokia's arguments regarding the availability of injunctive relief in the *Qualcomm* matter, because the case was settled prior to the issuance of such a ruling (D.I. 72 at 14). Therefore, there would be no threat of harm to the integrity of the judicial process even if Nokia's claim for injunctive relief in this case were characterized as inconsistent with its position in the prior litigation, which it is not. Finally, Apple does not allege that Nokia intentionally shifted its position in bad faith, and thus Nokia cannot be judicially estopped from asserting its claim for injunction in this lawsuit.

## II.    NOKIA'S VALID ESTOPPEL DEFENSE CANNOT BE MISCHARACTERIZED AS *IN PARI DELICTO* AND SHOULD NOT BE STRICKEN.

In the last two paragraphs of its Motion to Dismiss, Apple offers another futile distraction – a motion to strike Nokia's Seventh Defense, Estoppel, because it says Nokia's defense is "in essence" based on an inapplicable principle that is mentioned nowhere in Nokia's pleadings (D.I. 73 at 5). But Nokia's Seventh Defense is precisely what it says it is: an estoppel argument that Apple, having delayed for years the disclosure of its own allegedly essential patents, should now be estopped from taking the entirely inconsistent position that the alleged delays in disclosure with respect to certain of Nokia's essential patents in suit are improper.

It is well-established that motions to strike a party's affirmative defenses are rarely appropriate. Even the one case cited by Apple stands for the proposition that motions to strike affirmative defenses "are often viewed with disfavor because of their potential to be used as a dilatory tactic." *United States v. Marisol*, 725 F. Supp. 833, 836 (M.D. Pa. 1989). *See also*

*Dicar, Inc. v. Stafford Corrugated Products, Inc.,* no. 05-cv-5426, 2009 WL 1796053 (D.N.J.

June 22, 2009) (denying motions to strike affirmative defenses).

Such a dilatory purpose is at work here.  Apple admits that its primary reason for moving

to strike this defense is that it contends that the defense would "dramatically increase[e] the

scope of discovery" (D.I. 73 at 5).  But this is not the case.  Apple may not wish to disclose

documents evidencing its own views regarding disclosure of essential patents, but such discovery

is proper even without the estoppel defense, as it serves to show that Nokia's alleged late

disclosure was in fact proper and consistent with industry standards and expectations.  The

motion to strike should therefore be denied as striking it would not in fact save time and expense

on discovery, which is one of the rare legitimate uses of such a motion.  *Marisol*, 725 F. Supp. at

836.  *See also Dicar,* 2009 WL 1796053 at *3 (holding that motions to strike should be denied

unless either the allegations are unrelated to the controversy and will prejudice the parties, or

they will confuse the issues).

Because Apple cannot overcome its heavy burden to justify the drastic measure of a

motion to strike Nokia's well-pled defense, Apple has unsuccessfully tried to set up a straw man

argument by claiming this estoppel defense is instead "in essence" an *in pari delicto* defense, and

then arguing that *in pari delicto* is not available to Nokia as a defense to antitrust allegations.  As

the facts in Apple's cited cases make clear, the *in pari delicto* defense generally has been

rejected in the antitrust context where one co-conspirator argues that another co-conspirator is

liable for participating in the conspiracy at issue.  *Perma Life Mufflers, Inc. v. Int'l Parts Corp.,*

392 U.S. 134, 135-37 (1968); *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 424 F.3d

363, 376, 382 (3d Cir. 2005).  Here, by contrast, Nokia has never argued that Apple conspired

with Nokia to engage in anticompetitive conduct.  Nokia's position is simply that Apple is

precluded from asserting that Nokia engaged in anticompetitive conduct based on a violation of

purported industry norms or practices when Apple itself has not acted in accordance with those

norms or practices.  Accordingly, because Nokia has not argued that Apple conspired with it,

Nokia does not claim to assert an *in pari delicto* defense against Apple, and Apple's cited cases

have no bearing on Nokia's well-recognized estoppel defense.

## CONCLUSION

For the foregoing reasons, Apple's motion to dismiss Nokia's Counterclaim I and strike

Nokia's Seventh Defense should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff Nokia Corporation*

OF COUNSEL:

Patrick J. Flinn
Peter Kontio
John D. Haynes
Mark A. McCarty
Adam J. Biegel
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000

August 5, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2010, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on

August 5, 2010, upon the following in the manner indicated:

Richard L. Horwitz, Esquire                                    *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801

William F. Lee, Esquire                                        *VIA ELECTRONIC MAIL*
Mark D. Selwyn, Esquire
WILMERHALE
60 State Street
Boston, MA  02109

Mark D. Selwyn, Esquire                                        *VIA ELECTRONIC MAIL*
WILMERHALE
950 Page Mill Road
Palo Alto, CA  94304

Kenneth H. Bridges, Esquire                                    *VIA ELECTRONIC MAIL*
Michael T. Pieja, Esquire
Brian C. Kwok, Esquire
WONG, CABELLO, LUTSCH, RUTHERFORD
  & BRUCCULERI, LLP
540 Cowper Street
Palo Alto, CA  94301

_____
Jack B. Blumenfeld (#1014)