IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-791-GMS |
| ) | |
| APPLE INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |
| APPLE INC. ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NOKIA CORPORATION and NOKIA INC. ) | |
| ) | |
| Counterclaim-Defendants. ) | |

**APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS NOKIA'S COUNTERCLAIM AND MOTION TO STRIKE NOKIA'S SEVENTH DEFENSE**

OF COUNSEL:
William F. Lee
WILMERHALE
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

Mark D. Selwyn
WILMERHALE
1117 California Avenue
Palo Alto, CA 94304
Tel: (650) 858-6000

Kenneth H. Bridges
Michael T. Pieja
WONG CABELLO
540 Cowper Street
Suite 100
Palo Alto, CA
Tel: (650) 681-4475

Dated: August 16, 2010
978590 / 35035

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant and
Counterclaim-Plaintiff Apple Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A. Nokia Cannot Plausibly Allege that Apple Repudiated the Parties' Contract ................................................................................................................1

    B. Nokia Cannot Avoid The Blatant Inconsistency And Estoppel Effect Of Its Prior Litigation Position By A Post Hoc Re-Characterization Of Its Statements ..........................................................................................................3

    C. The Supreme Court Has Conclusively Rejected The Rationale of Nokia's Seventh Defense ................................................................................................5

III. CONCLUSION ...................................................................................................................6

# TABLE OF AUTHORITIES

Federal Cases

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................................ 1

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544-557 .................................................................................................................... 3

*Buck v. Hampton Twp. Sch. Dist.*,
  452 F.3d 260 (3d Cir. 2006) ................................................................................................... 3

*Copperweld Corp. v. Independence Tube Corp.*,
  467 U.S. 752 (1984) ................................................................................................................ 5

*G-I Holdings, Inc. v. Reliance Ins. Co.*,
  586 F.3d 247 (3d. Cir. 2009) .................................................................................................. 4

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
  424 F.3d 363 (3d Cir. 2005) ................................................................................................... 5

*Kiefer-Stewart Co. v. Seagram & Sons*,
  340 U.S. 211 (1951) ................................................................................................................ 5

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ................................................................................................................ 4

*Perma Life Mufflers v. Int'l Parts Corp.*,
  392 U.S. 134 (1968) ................................................................................................................ 5

*Trollinger v. Tyson Foods, Inc.*,
  No. 4:02-CV-23, 2007 WL 1091217 (E.D. Tenn. Apr. 10, 2007) ......................................... 5

Other Authorities

Restatement (Second) of Contracts § 250 (1981) ....................................................................... 2

## I. INTRODUCTION

Nokia's effort to defend the propriety of its Counterclaim and Seventh Defense (Estoppel) fails to address key arguments made by Apple, and is a transparent attempt to "up the ante" in this case by threatening Apple with meritless claims for injunctive relief. Nokia's Opposition does not (1) discuss (much less resolve) the inconsistencies in Nokia's pleadings that render its allegations of repudiation facially implausible; (2) address Apple's argument that judicial estoppel is appropriate in these circumstances to avoid having the Court's equitable powers be used to further Nokia's improper attempt to extract royalties that are not fair, reasonable, and nondiscriminatory ("FRAND"); or (3) explain how the rationale that applies to bar *in pari delicto* defenses in antitrust actions is not equally, if not more, applicable to Nokia's estoppel defense. Accordingly, Nokia's Counterclaim should be dismissed, and its Seventh Defense should be stricken.

## II. ARGUMENT

### A. Nokia Cannot Plausibly Allege that Apple Repudiated the Parties' Contract

Nokia purports to justify its injunctive relief claims on the ground that Apple has repudiated the contract, but repudiation has not been plausibly alleged here, nor could it be. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). According to Nokia's own allegations, Apple's refusal to accept Nokia's licensing offers can only constitute a repudiation if such refusal continues *after* a court has ruled in Nokia's favor on compliance with Nokia's FRAND obligations. Nokia's own Counterclaim acknowledges that, under Nokia's FRAND commitment, a licensee may seek judicial review of the "validity and essentiality of the Essential Patents-in-Suit," and of whether Nokia's offers contained a "FRAND royalty," without repudiating or

breaching the contract.[1] D.I. 66, Nokia's Counterclaim ("NCC") ¶¶ 54, 60. *See also* D.I. 83, Nokia's Answering Brief in Opposition to Apple's Motion to Dismiss Nokia's Counterclaim and Motion to Strike Nokia's Seventh Defense at 7-8 (acknowledging the limitation of injunctive relief in connection with standards-essential patent infringement claims to "extraordinary circumstances," such as where the "manufacturer refuses to pay *judicially determined* FRAND compensation...." (emphasis added)). Thus, by Nokia's own admission, Apple's initial refusal to accept Nokia's non-FRAND licensing offers—leading to the present litigation—is simply an exercise of Apple's right to seek a judicial resolution of these issues under the terms of the contract. It is not and cannot be, under any logic or case law, repudiation. *See, e.g.*, Restatement (Second) of Contracts § 250 (1981) (repudiation requires statement of intent to breach).

Moreover, Nokia's argument that "'[w]here, as here...a party...refuses to even concede that it has a payment obligation with respect to *valid* and *infringed* patents that are subject to F/RAND undertakings,' that party has repudiated the benefits of the commitments," improperly assumes its conclusion because there has been no determination here of validity or infringement. Opp. at 6 (*citing* D.I. 66 at 37) (emphasis added). Apple's Counterclaim itself seeks the Court's guidance in determining appropriate FRAND terms. D.I. 21 ¶ 128. Thus, the Court should disregard Nokia's obviously incorrect allegation that Apple "has not...[c]omit[ted] to pay F/RAND compensation (even subject to validity and essentiality of the Essential Patents-in-Suit

---

[1] Nokia's pleading also assumes that Apple had an affirmative obligation to take some action to *avoid* repudiating the contract. That is backwards. Repudiation requires "a *statement* by the obligor to the obligee indicating that the obligor will commit a breach." Restatement (Second) of Contracts § 250 (1981) (emphasis added). Nokia does not allege any such statement. Nokia alleges that Apple has repudiated its contract by way of a list of things that Apple has *not* done. NCC ¶¶ 54, 60. Yet, Nokia itself argued in the Qualcomm case that not all of these actions are, in fact, required to "avoid" repudiation. *See* Pls.' Opening Pre-Trial Br. at 65, *Nokia Corp. v. Qualcomm Inc.*, C.A. No. 2330 (Del. Ch. Ct. July 8, 2008) (Public Version) (Exhibit A hereto) (noting that paying royalties into escrow pending disputes over FRAND terms, validity, and infringement was "not necessary").

2

being reviewed, in case of a dispute, by a court); [or] agree[d] to be bound by and pay any F/RAND royalty determination (even when that FRAND royalty is reviewed by a court)." NCC ¶ 60; *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider…items appearing in the record of the case." (internal quotation marks omitted)).

For these reasons, Nokia's repudiation claim is facially implausible and does not state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557. The Counterclaim should be dismissed.

### B. Nokia Cannot Avoid The Blatant Inconsistency And Estoppel Effect Of Its Prior Litigation Position By A *Post Hoc* Re-Characterization Of Its Statements

There is no question—indeed, Nokia does not dispute—that Nokia consistently argued in the Qualcomm case that FRAND licenses are irrevocable and bar the licensor from seeking injunctive relief. *See* D.I. 72 at 10 (list of Nokia assertions). Now, faced with obvious inconsistency in its current position of seeking to *add* a request for an injunction in this case, where it is the licensor instead of the licensee, Nokia seeks solace in a narrow, prior statement that an injunction could perhaps be appropriate in "extraordinary circumstances," such as where a manufacturer refuses to pay "judicially determined" FRAND compensation. Pls.' Opening Pre-Trial Br. at 2, *Nokia Corp. v. Qualcomm Inc.*, C.A. No. 2330 (Del. Ch. Ct. July 8, 2008) (Public Version) (Exhibit A hereto). But once again, no such circumstances are present here— Apple has never refused to pay "judicially determined" FRAND compensation, and of course the Court has not set such a rate as the case is in the early stages of discovery.

In its Opposition, Nokia suggests this is such an extraordinary case. D.I. 83 at 7-8. But as discussed in Section I.A *supra*, Nokia cannot simply pretend that Apple has already been ordered to pay a judicially determined FRAND royalty rate—much less that Apple has somehow

refused to do so. Moreover, Nokia identified no other set of "extraordinary circumstances" in the Qualcomm litigation which would be consistent with its current assertions to this Court. The bottom line is that Nokia has asserted that a patent holder who has made a FRAND commitment gives up its right to an injunction, and now tries to claim otherwise.

Moreover, the law governing judicial estoppel is not as mechanical as Nokia suggests. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (observing that the "circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle") (internal citation and quotation omitted); *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d. Cir. 2009) (affirming district court's refusal to apply judicial estoppel but noting "there is no rigid test" and "[w]e do not mean to suggest that where no court has accepted an initial position, judicial estoppel can never apply."). While this may not be the "typical[ ]" case for application of the equitable doctrine because the Chancery Court did not adopt Nokia's position, Opp. at 7, Nokia's about-face on the important issue of the availability of injunctive relief is nevertheless a cause for concern. This is because Nokia's inconsistent positions have the effect of asking this Court for equitable relief to which it is not entitled. *See supra* Section I.A. By asking this Court to further its anticompetitive scheme by imposing the threat of an injunction against products essential to Apple's business, despite Apple's conceded status as a licensee, Nokia has shifted its position based on the "exigencies of the moment." *New Hampshire*, 532 U.S. at 750. The discretionary tool of judicial estoppel should preclude Nokia from misleadingly invoking this Court's equitable powers based on such gamesmanship.

### C. The Supreme Court Has Conclusively Rejected The Rationale of Nokia's Seventh Defense

Nokia confusingly suggests that Apple's motion to strike its Seventh Defense of estoppel depends on renaming it an *in pari delicto* defense. But Apple's Motion to Strike relies on cases broadly holding that common-law equitable defenses—by any name—may not be used to defeat the important public policies embodied by the antitrust laws.

As the Supreme Court has stated, "[w]e have often indicated the inappropriateness of invoking broad common-law barriers to relief where a private suit serves important public purposes. It was for this reason that we held in *Kiefer-Stewart Co. v. Seagram & Sons*, 340 U.S. 211 (1951), that a plaintiff in an antitrust suit could not be barred from recovery by proof that he had engaged in an unrelated conspiracy to commit some other antitrust violation." *Perma Life Mufflers v. Int'l Parts Corp.*, 392 U.S. 134, 138 (1968) *overruled in part on other grounds by Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984). This rationale clearly applies to estoppel as well as *in pari delicto*. *See also Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2007 WL 1091217, *2-4 (E.D. Tenn. Apr. 10, 2007) (granting motion for summary judgment on estoppel affirmative defense in RICO case based on "ample case law agreeing with Plaintiffs' position that estoppel is not available as a defense in private antitrust law suits" and

collecting cases). The import of the cases could not be more plain. Nokia's Seventh Defense lacks merit, regardless of how it is denominated, and should be stricken.[2]

## III. CONCLUSION

For the reasons stated above and in Apple's Motion to Dismiss and Motion to Strike, Nokia's Counterclaim should be dismissed, and Nokia's Seventh Defense should be stricken.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| William F. Lee<br>WILMERHALE<br>60 State Street<br>Boston, MA 02109<br>Tel: 617 526 6000 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Mark D. Selwyn<br>WILMERHALE<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 858-6000 | |
| Kenneth H. Bridges<br>Michael T. Pieja<br>WONG CABELLO<br>540 Cowper Street, Suite 100<br>Palo Alto, CA<br>Tel: (650) 681-4475 | *Attorneys for Defendant/Counterclaim-Plaintiff Apple Inc.* |

Dated: August 16, 2010
978590 / 35035

---

[2] Nokia's attempted distinction of Apple's case law defies all logic. Its argument seems to be that because *in pari delicto* is inapplicable, estoppel somehow must be *applicable*. But a defendant's claim that the plaintiff engaged in misconduct related to the harm in dispute (which Nokia concedes it has not pled) obviously raises a *stronger* equitable defense than does a claim such as the one Nokia proffers that the plaintiff engaged in unrelated misconduct. *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 383 (3d Cir. 2005) (possibility of equitable defense may exist only where plaintiff involvement in defendant's misconduct is "truly complete"); *cf.* Opp. at 8-9 ("Nokia's position is simply that Apple is precluded from asserting that Nokia engaged in anticompetitive conduct based on a violation of purported industry norms or practices when Apple itself has not acted in accordance with those norms or practices.").

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 16, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 16, 2010, the attached document was electronically mailed to the following person(s)

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com

Adam J. Biegel
Keith E. Broyles
Patrick J. Flinn
John D. Haynes
Ryan W. Koppelman
Mark A. McCarty
Peter Kontio
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
adam.biegel@alston.com
keith.broyles@alston.com
patrick.flinn@alston.com
john.haynes@alston.com
ryan.koppelman@alston.com
mark.mccarty@alston.com
peter.kontio@alston.com

Alan L. Whitehurst
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
alan.whitehurst@alston.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

941557/35035