IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     C.A. No. 09-791-GMS |
| | ) |
| APPLE INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

On October 22, 2009, Nokia Corporation ("Nokia") brought this patent infringement

action against Apple Inc. ("Apple"), seeking fair, reasonable and non-discriminatory ("FRAND")

compensation for infringement of ten Nokia patents.[1] (D.I. 1.) On December 1, 2009, Apple

answered and counterclaimed, alleging that Nokia infringed thirteen of Apple's patents. (D.I.

14.) Apple subsequently amended its answer and counterclaims on February 19, 2010, dropping

four of its patent infringement counterclaims against Nokia.[2] (D.I. 21.) Nokia answered Apple's

---

[1] Specifically, Nokia alleges in the 09-791 action that Apple infringed U.S. Patent Nos. 5,802,465 ("the '465 patent"), 5,862,178 ("the '178 patent"), 5,946,651 ("the '651 patent"), 6,359,904 ("the '904 patent"), 6,694,135 ("the '135 patent"), 6,775,548 ("the '548 patent"), 6,882,727 ("the '727 patent"), 7,009,940 ("the '940 patent"), 7,092,672 ("the '672 patent"), and 7,403,621 ("the '621 patent").

[2] By way of its counterclaims, Apple alleges that Nokia infringed U.S. Patent Nos. 5,634,074 ("the '074 patent"), 5,555,369 ("the '369 patent"), 6,239,795 B1 ("the '795 patent"), 5,315,703 ("the '703 patent"), 6,189,034 B1 ("the '034 patent"), 7,469,381 B2 ("the '381 patent"), 5,455,854 ("the '854 patent"), 7,383,453 B2 ("the '453 patent") and 5,848,105 ("the '105 patent").

counterclaims on July 1, 2010 and amended its answer on February 7, 2011. (D.I. 66; D.I. 190.)

After filing its second and third amended answers in February 2011, Apple filed its fourth and

final amended answer on March 11, 2011. (D.I. 268.)

The court held a Markman hearing on May 16, 2011. (D.I. 374.) Fact discovery is

scheduled to be complete by July 15, 2011, and expert discovery is scheduled to end on

November 11, 2011. A fifteen-day jury trial on patent infringement is scheduled to begin on May

21, 2012. Presently before the court are: (1) Nokia's motion to stay Apple's patent claims

pending reexamination by the United States Patent and Trademark Office (the "PTO") (D.I. 80);

and (2) Apple's motion to dismiss Nokia's counterclaim and motion to strike Nokia's seventh

defense (D.I. 73). For the reasons that follow, the court will deny the motions.

## II. DISCUSSION

### A. Motion to Stay Pending Reexamination

The decision to stay a case is firmly within the discretion of the court. *See Cost Bros.,*

*Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This authority applies equally to

patent cases in which a reexamination by the PTO has been requested. *Ethicon, Inc. v. Quigg*,

849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage

their dockets and stay proceedings, including the authority to order a stay pending conclusion of a

PTO reexamination.") (internal citations omitted). In determining whether a stay is appropriate,

the court's discretion is guided by the following factors: "(i) whether a stay would unduly

prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will

simplify the issues in question and trial of the case; and (iii) whether discovery is complete and

whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406

2

(W.D.N.Y. 1999); *see also United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991).

The court concludes that a stay pending reexamination would not serve the interests of judicial efficiency at this stage of the litigation. The court held a hearing on the construction of both Nokia and Apple's disputed claim terms on May 16, 2011. The parties are in the midst of fact discovery, which is scheduled to be complete by July 15, 2011. Moreover, a trial date for the patent infringement claims has been set for May 2012. The court further concludes that a partial stay regarding only Apple's claims would not simplify the case because the majority of this case will proceed regardless of whether Apple's claims are stayed.

## B. Motion to Dismiss

The court accepts as true all of the allegations contained in the complaint and draws reasonable inferences in favor of the plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted).

In support of its motion to dismiss, Apple contends that Nokia's counterclaim, which requests a declaratory judgment that Nokia has met its FRAND obligations, fails to show an entitlement to relief because Supreme Court precedent precludes an action for an injunction when

a FRAND license exists. (D.I. 73 at 3.) In response, Nokia contends that its counterclaim seeking injunctive relief is proper because it is based on the contract theory of Apple's repudiation of its rights under Nokia's FRAND commitments. (D.I. 83 at 5.) The court concludes that dismissal of the counterclaim is not warranted because Nokia sufficiently alleged Apple's repudiation of its obligation to pay FRAND compensation to survive a Rule 12(b)(6) motion to dismiss.

Next, Apple contends that the doctrine of judicial estoppel bars Nokia's counterclaim. (D.I. 73 at 3.) In the Third Circuit, a party is judicially estopped from making an argument if it is: (1) irreconcilably inconsistent with that asserted in a prior proceeding; (2) the inconsistent position culpably threatens the court's integrity or is intended to play fast and loose with the court; and (3) judicial estoppel would address the affront to the court's integrity. *See Montrose Med. Group Participating Sav. Plan v. Bulger*, 243 F.3d 773, 780 (3d Cir. 2001). The court concludes that the doctrine of judicial estoppel does not apply in the instant case because Nokia's counterclaim for injunctive relief is not irreconcilably inconsistent with its contention asserted in the prior proceeding in the Court of Chancery. *See Nokia Corp. v. Qualcomm Inc.*, C.A. No. 2330, Plaintiff's Opening Pre-Trial Brief (Del. Ch. July 8, 2008). Specifically, Nokia alleged in *Qualcomm* that injunctive relief may be available to an essential patent holder under extraordinary circumstances, such as "when the manufacturer refuses to pay judicially determined FRAND compensation." *Id.* Moreover, the *Qualcomm* case settled before the Court of Chancery had an opportunity to adopt Nokia's position, as required for judicial estoppel to apply. (D.I. 83 at 8.)

4

## C. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike "any insufficient defense" from any pleading. Motions to strike affirmative defenses are disfavored. *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988). When ruling on such a motion, "the [c]ourt must construe all the facts in favor of the nonmoving party . . . and deny the motion if the defense is sufficient under the law." *Id.* Furthermore, courts prefer not to grant a motion to strike "unless it appears to a certainty that . . . [the movant] would succeed despite any state of the facts which could be proved in support of the defense." *Greiff v. T.I.C. Enters., L.L.C.*, C.A. No. 03-882, 2004 WL 115553, at *2 (D. Del. Jan. 9, 2004) (internal quotations omitted).

Apple contends that Nokia's seventh defense, which alleges that Apple should be estopped from alleging that Nokia engaged in anticompetitive conduct comparable to Apple's own conduct, should be stricken as an improper *in pari delicto* defense in the antitrust context. (D.I. 73 at 4-5.) The doctrine of *in pari delicto* provides that "a party is barred from recovering damages if his losses are substantially caused by activities the law forbade him to engage in." *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 354 (3d Cir. 2001) (citations omitted); *see also Official Comm. of Unsecured Creditors v. PricewaterhouseCoopers, LLP*, 607 F.3d 346, 350 n.2 (3d Cir. 2010) (noting that *in pari delicto* is "a murky area of law," and courts within the Third Circuit have differed on whether the doctrine is legal or equitable). Construing the facts in the light most favorable to Nokia, the court declines to strike Nokia's seventh defense.

## III. CONCLUSION

For the reasons stated above, Nokia's motion to stay Apple's patent claims pending

reexamination (D.I. 80) and Apple's motion to dismiss Nokia's counterclaim and motion to

strike Nokia's seventh defense (D.I. 72) are denied.  An appropriate order shall issue.

Dated: June _1_, 2011

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)    C.A. No. 09-791-GMS<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

    1. Nokia's motion to stay pending reexamination (D.I. 80) is DENIED.

    2. Apple's motion to dismiss Nokia's counterclaim and motion to strike Nokia's seventh

defense (D.I. 72) are DENIED.

Dated: June __/__, 2011

_____
CHIEF, UNITED STATES DISTRICT JUDGE